# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GEORGE CLAYTON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:18-cv-03964-PX |
| ISLAS TRANSPORTATION, LLC, | * | |
| Defendant. | * | |

***

## MEMORANDUM OPINION AND ORDER

On June 3, 2019, the Court ordered Plaintiff George Clayton to show good why this case should not be dismissed for failure to comply with the service requirements set forth in Federal Rule of Civil Procedure 4(m). ECF No. 9.

Rule 4(m) requires a plaintiff to serve a defendant "within 90 days after the complaint is filed." If a defendant has not been served within this time, the Court "must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). However, if a plaintiff "shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*; *Hansan v. Fairfax Cty. Sch. Bd.*, 405 F. App'x 793, 793–94 (4th Cir. 2010).

Good cause generally amounts to "the interference of some outside factor [that] prevented the otherwise-diligent plaintiff from complying with" Rule 4(m). *Uzoukwu v. Prince George's Cmty. Coll. Bd. of Trs.*, No. DKC 12-3228, 2013 WL 3072373, at *2 (D. Md. June 17, 2013). To meet this good cause standard, a plaintiff must demonstrate that he exercised "reasonable diligence in trying to effect service." *Jones v. Sears, Roebuck & Co.*, No. DKC 15-3092, 2016 WL 1696557, at *2 (D. Md. Apr. 28, 2016). Inadvertence or carelessness does not suffice. *Burns & Russell Co. of Balt. v. Oldcastle, Inc.*, 166 F. Supp. 2d 432, 439 n.9 (D. Md. 2001).

Clayton avers that he attempted to serve Defendant Islas Transportation, LLC ("Islas") by hiring a process server, U.S. Fugitive Recovery. ECF No. 10 at 1. According to the affidavit of attempted service, U.S. Fugitive Recovery tried to serve Islas eleven times, beginning within two weeks of when the lawsuit was filed. ECF No. 10-1 at 1. U.S. Fugitive Recovery represents that it has identified additional information on Islas' resident agent, which should permit it to effectuate service within 30 days. *Id.* at 2. Given these efforts, Clayton has exercised reasonable diligence in trying to effect service. *See Joe Hand Promotions, Inc. v. Novak*, No. 2:12-cv-00249-PMD, 2012 WL 5077578, at *3 (D.S.C. Oct. 18, 2012). Thus, Clayton has demonstrated good cause to extend the time for service.

Accordingly, it is this 18th day of June 2019, by the United States District Court for the District of Maryland, ORDERED that Plaintiffs serve Defendants within **30 days** from the date of this Memorandum Opinion and Order.

| | |
|---|---|
| 6/18/2019 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |