# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GEORGE CLAYTON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:18-cv-03964-PX |
| ISLAS TRANSPORTATION, LLC, | * | |
| Defendant. | * | |
| | *** | |

## **MEMORANDUM OPINION**

Pending before the Court is Plaintiff George Clayton's second motion for extension of time to serve the Complaint on Defendant, Islas Transportation (Islas). ECF No. 17. The motion is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court denies the motion and dismisses the Complaint without prejudice.

### I.     Background

This case arises from a car accident between Plaintiff George Clayton and an employee of Islas that occurred on December 21, 2015. ECF No. 1 ¶¶ 6, 8. Clayton filed his Complaint on December 21, 2018, three years later, and ostensibly on the last day of the limitations period. ECF No. 1 ¶ 5. *See Youmans v. Douron, Inc.*, 211 Md. App. 274, 300 (2013). Counsel, however, never presented the summons for the Clerk's signature and issuance, as required by Rule 4 of the Federal Rules of Civil Procedure.[1]

Since the filing of the Complaint, Clayton's counsel repeatedly missed a series of critical deadlines with this Court and has ignored companion Court orders. *See, e.g.*, ECF No. 5 (order

---

[1] Federal Rule of Civil Procedure 4(a)(1)(a) expressly states that a "summons must . . . be signed by the clerk; and bear the court's seal." Rule 4(b) further provides that "on or after the filing of the complaint, the plaintiff may present a summons to the clerk for signature and seal." Rule 4(b) concludes that a summons "must be issued for each defendant to be served."

by Magistrate Judge Gina L. Simms directing Plaintiff to show cause for failure to comply with previous court order); ECF No. 8 (show cause hearing before the Honorable Paul W. Grimm, in which Clayton and his counsel failed to appear).

Most pertinent to this opinion, on June 3, 2019, this Court notified Clayton's counsel that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Clayton risked dismissal of the case for failure to serve timely the Complaint on Islas. Accordingly, the Court ordered Clayton to show good cause why the case should not be dismissed without prejudice pursuant to Rule 4(m). ECF No. 9.

Clayton responded, urging the Court to extend the service time by thirty days because counsel's law firm email had been hacked, resulting in missed deadlines. ECF No. 10. Clayton further averred that his process server had attempted to serve the Complaint on Islas' resident agent several times to no avail. *Id.* Clayton's counsel attached an affidavit from the process server reflecting the dates, times, and locations of attempted service. *Id.* Because the affidavit reflected some effort at attempting service, the Court granted the motion, extending the time by which to serve the Complaint until July 18, 2019. ECF No. 11.

July 18, 2019 came and went. Still, this Court had not received any proof of the Complaint having been served. Nor did the Court hear from Clayton through his counsel. Accordingly, once again, the Court issued a show cause order as to why the Complaint should not be dismissed under Rule 4(m), this time directing counsel to appear in person for a show cause hearing set for August 29, 2019. ECF No. 12.

On August 29, 2019, counsel failed to appear for the hearing. ECF No. 13. The Court called the case, and then, while still on record, telephoned counsel at the phone number on record with the Clerk's office. The Court left a message with counsel's answering service, informing

counsel that he had missed yet another Court imposed order to appear and urged counsel to contact the Court. *Id.* Counsel never responded to this message.

The Court also rescheduled the show-cause hearing for September 5, 2019, and, by written Order, warned counsel that failure to appear could result in the Court holding counsel in contempt for repeated violations of court orders. ECF No. 14. The Court not only filed this show cause order on the Court's electronic filing system (ECF), but also sent, via federal express, a hard copy of the order to the law firm address on record with the Clerk's office.[2]

On September 5, 2019, counsel again failed to appear. Shortly before the hearing, the Court had obtained counsel's cell phone number from another member of the bench. At the hearing, the Court phoned counsel on his cell. Counsel answered the call and reported to the Court within the hour.

Once the hearing reconvened, counsel reiterated the email hacking events previously described. Counsel also faulted his IT department for failing to file with the Clerk's office counsel's updated attorney contact information. ECF No. 15. Next, counsel faulted his answering service for failing to relay the Court's previous message. *Id.* Counsel assured the Court that he would provide up-to-date contact information immediately to the Clerk's office.

At the hearing, counsel also claimed to be totally unaware that he had failed to obtain a proper summons to serve with the Complaint. Shortly before the hearing, the courtroom deputy had discovered the failure of counsel to submit and receive a proper service copy of the summons.[3] For this transgression, counsel laid blame on the process server, but assured the Court that he (counsel) would immediately obtain a new summons from the Clerk's office so that

---

[2] Counsel had previously represented to the Court that he had, in fact, updated his physical address with this Clerk's office as of June 18, 2019, ECF No. 10 at 2, n.2. Counsel had not done so, leading to further delay and confusion.
[3] The Court, having been previously unaware of counsel's failure to obtain a properly executed summons, did not address this basic deficiency in its order extending the time for service until July 18, 2019. ECF No. 11.

counsel could perfect service. ECF No. 15. The Court granted counsel until September 12, 2019 to seek additional time to serve the Complaint and warned counsel that failure to establish good cause for extension would result in dismissal. The Court also urged counsel to secure a properly executed summons and to serve the Complaint.

On September 12, 2019, Clayton, through counsel, moved for a sixty-day extension of the service deadline, and filed accompanying exhibits to the motion on September 13, 2019, one day after the deadline. The motion reflects that counsel never obtained a proper summons from the Clerk's office and made no subsequent attempts to serve the Complaint since his last appearance before this Court. ECF No. 18 at 3 (noting last date of attempted service as August 7, 2019).

## II. Discussion

Rule 4(m) requires a plaintiff to serve the defendant with the Complaint and properly executed summons within 90 days after the complaint is filed. Failure to comply with this service deadline requires dismissal of the action without prejudice. Fed. R. Civ. P. 4(m). However, if a plaintiff "shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*; *Hansan v. Fairfax Cty. Sch. Bd.*, 405 F. App'x 793, 793–94 (4th Cir. 2010).

Good cause generally amounts to "the interference of some outside factor [that] prevented the otherwise-diligent plaintiff from complying with" Rule 4(m). *Uzoukwu v. Prince George's Cmty. Coll. Bd. of Trs.*, No. DKC 12-3228, 2013 WL 3072373, at *2 (D. Md. June 17, 2013). To meet this good cause standard, a plaintiff must demonstrate that he exercised reasonable diligence in trying to effect service, but "was thwarted by circumstances beyond his control." *United States ex rel. Moore v. Cardinal Fin. Co., L.P.*, No. CCB-12-1824, 2017 WL

1165952, at *7 (D. Md. Mar. 28, 2017) (citing *Hoffman v. Baltimore Police Dep't*, 379 F. Supp. 2d 778, 786 (D. Md. 2005)); *see also Jones v. Sears, Roebuck & Co.*, No. DKC 15-3092, 2016 WL 1696557, at *2 (D. Md. Apr. 28, 2016). Inadvertence or heedlessness does not suffice. *Burns & Russell Co. of Balt. v. Oldcastle, Inc.*, 166 F. Supp. 2d 432, 439, 439 n.9 (D. Md. 2001) (finding that waiting until the last day to effect service consisted "inexcusable attorney inadvertence"); *Cardinal Fin. Co.*, 2017 WL 1165952, at *7. Even where a plaintiff does not show good cause, a court may, in its discretion, extend the time to serve the Complaint. *See Escalante v. Tobar Constr., Inc.*, No. 8:18-CV-00980-PX, 2019 WL 109369, at *4 (D. Md. Jan. 3, 2019).

Regrettably, Clayton has provided this Court no justification to extend service yet again. To start, Clayton's repeated attempts at service, even if believed, were an exercise in futility when considering that counsel was attempting to serve an improper, unexecuted summons. *Mathies v. Silver*, 266 F. App'x 138, 140 (3d Cir. 2008) (holding that plaintiff failed to properly effect service upon defendant where summons was not signed and sealed by court clerk) (citing *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996)); *see also Craig v. Melwood Horticultural Training Ctr., Inc.*, No. PWG-13-2742, 2014 WL 3547341, at *2 (D. Md. July 16, 2014) (noting that without a valid summons, "no amount of diligence" would allow a plaintiff to attempt service on a defendant"); *Combs v. Shapiro & Burson LLP*, No. GJH-15-846, 2016 WL 1064459, at *1 (D. Md. Mar. 14, 2016) (noting that the plaintiff was directed to submit summonses to the clerk to seal and sign in order to properly execute service). Although counsel assured the Court that he would obtain and attempt to serve a properly issued summons, he never did so. Indeed, *twenty-six days* since the last hearing, and more than two months since the already-extended service deadline, a signed summons has still not issued and no further attempts

to perfect service were made. Clayton, in short, offers no explanation for why he had done nothing to remedy the myriad deficiencies since the Court granted his motion in June.

Next, Clayton asserts that extension is warranted because of the "diligent efforts" to serve Defendant. Putting aside the "diligence" exhibited by a server who attempts to serve an unsigned summons, the service record undermines his claims of effectiveness. Rule 4(h) and (e)(1), read collectively, provide that service on a corporation may be effected by following the state law for serving a summons in the state where the action is located or where service is made. For this action, service is governed by the Maryland Rules.

"Maryland Rules permit service on corporations . . . in person, by mail, or, in some circumstances, through substituted service upon the State Department of Assessments and Taxation ("SDAT"). *Varieur v. BIS Glob.*, No. PX 16-3111, 2017 WL 1133708, at *2 (D. Md. Mar. 27, 2017) (citing Md. Rule 2–121(a), 2–124(d), 2–124(o)). If service is attempted in-person, multiple individuals at a corporation, including the "resident agent, president, secretary, or treasurer" are authorized to accept service. *Id.* (citing Md. Rule 2–124(d)).[4] Service also may be effectuated "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail," requesting "Restricted Delivery," i.e., "show[ing] to whom, date, [and] address of delivery." *Id.* (citing Md. Rule 2–121(a)(3)). Alternatively, a plaintiff may serve a corporation by leaving copies of the summons and complaint with the SDAT if the resident agent is no longer at the address for service of process on file with SDAT or after "two good faith attempts on separate days to serve the resident agent have failed." *Id.* (citing Md. Rule 2–124(o)).

---

[4] Further, if a corporate defendant "has no resident agent, or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process." *Id.* (citing Md. Rule 2–124(d)).

None of these options were used by the process server apart from attempting to serve personally the resident agent. And since the August 29, 2019 show cause hearing—when counsel again was admonished to perfect service or risk dismissal—the server has not attempted to perfect service using any these alternatives. ECF No. 18, Ex. 1. The Court simply cannot agree with counsel that service has been attempted with diligence.

Accordingly, now nine months after the Complaint had been filed, it has not been served and the case is at a standstill. The failure to secure an executed summons, to make diligent efforts to serve the summons, and to timely seek extensions from this Court constitute extreme carelessness. Nothing in this record supports enlarging the time for service.

Clayton urges further extending the deadlines so as to avoid expiration of limitations. ECF No. 17 at 4. Although limitations may weigh in favor of extending the time for service time, it remains one of several factors for consideration. *Escalante*, 2019 WL 109369, at *5. Clayton, through counsel, knew at the time he filed the action that limitations expired the very next day. Counsel, therefore, should have anticipated the consequences of untimely service, and cannot now use the statute of limitations to shield his chronic carelessness. *See Knott v. Atl. Bingo Supply, Inc.*, No. JFM-05-1747, 2005 WL 3593743, at *2 (D. Md. Dec. 22, 2005). ("it should . . . be plain to all lawyers that playing loose with the [service deadline] after having delayed suit until the eve of the expiration of the statute of limitations can easily have fatal consequences.") (quoting Fed. R. Civ. Pro. 4, advisory committee notes). Where, as here, counsel did nothing to obtain a proper summons even after being specifically warned, or attempt service by any alternative means, or attempt service *at all* since counsel's last court appearance, the Court simply cannot extend service deadlines again.

### III. Conclusion

For the foregoing reasons, the Court denies Plaintiff's motion for extension of time (ECF No. 17) and dismisses this case without prejudice.

| 10/1/2019 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |